# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

GREG DAVIS, AS NEXT FRIEND   *
AND NATURAL GUARDIAN OF      *
JOSHUA DAVIS                 *
                             *
    PLAINTIFF,               *
                             *
vs.                          *
                             *    CASE NO.1:06-CV-953-MEF
HOUSTON COUNTY, ALABAMA      *
BOARD OF EDUCATION           *
                             *
    DEFENDANT.               *

## ANSWER TO PLAINTIFF S COMPLAINT

The Defendant, Houston County Board of Education  HCBOE,  answers the Plaintiff s Complaint and asserts various affirmative defenses as follows:

1. Admitted.

2. The Defendant admits the jurisdictional claims in Paragraph 2 of the Complaint.

3. The Defendant admits that the Middle District of Alabama is proper venue for this case but denies all other allegations in Paragraph 3 of the Complaint.

4. The Defendant is without sufficient information to form a belief as to all of the claims in Paragraph 4 of the Complaint.

5. The Defendant admits it is an agent or political subdivision of the State of Alabama charged with all aspects of the administration of the public schools of Houston County, Alabama. Defendant denies it is obligated to provide Plaintiff s child a free education because the child s misconduct in physically assaulting coaches during a game led to him being expelled by the Board under the Code of Student Conduct of the Houston County Board of Education.

6. The Defendant is without sufficient information to form a belief as to the truth of Paragraph 6 of the Complaint.

7. The Defendant is without sufficient information to form a belief as to the truth of Paragraph 7 of the Complaint.

8. The Defendant admits that Joshua was participating in a Varsity football game in September of 2005, but is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 8.

9. The Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Admitted.

11. The Defendant admits that Joshua was expelled from

the County System, but denies all other allegations contained in Paragraph 11 of the Complaint.

12.  The Defendant is without sufficient information to form a belief as to the truth of Paragraph 12 of the Complaint.

13.  The Defendant is without sufficient information to form a belief as to the truth of Paragraph 13 of the Complaint.

14.  The Defendant denies all of the allegations contained in Paragraph 14 of the Complaint.

15.  The Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.  The Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.  The Defendant is without sufficient information to form a belief as to the truth of Paragraph 17 of the Complaint.

18.  The Defendant denies that Joshua is entitled to any compensation, attorney s fees, or costs for this action as alleged in Paragraph 18 of the Complaint.

### 1st Defense

Defendant pleads the general issue, denies that it is guilty of the things and matters alleged, and demands strict proof of all allegations and inferences contained in the Complaint.

### 2nd Defense

Defendant denies that it has violated any of Joshua s Constitutional rights and demands strict proof.

### 3rd Defense

Defendant moves to dismiss the Complaint because he fails to state a claim upon which relief can be granted. Specifically:

a. The Plaintiff fails to aver how Joshua was treated differently from any other similarly situated student.

b. The Defendant provided Joshua with a sufficient notice and a sufficient hearing under *Dixon v. Alabama State Board of Education,* 294 F.2d 150 (5th Cir. 1961). The Eleventh Circuit adopted the holdings of the Fifth Circuit as that Court existed on September, 30, 1981, as binding precedent on this circuit and the district courts in this circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (1981). Joshua, his father, and his attorney attended a

hearing concerning Joshua s expulsion and presented their case before the Defendant made its decision to expel Joshua. Joshua received all due process protection to which he was entitled.

    c.  All action taken by the Defendant was rationally related to further a legitimate governmental purpose.

### 4th Defense

The Defendant pleads the applicable Statutes of Limitations.

### 5th Defense

The Defendant reserves the right to amend this pleading, and to add other defenses, should their appropriateness become apparent during discovery.

          HARDWICK, HAUSE, SEGREST & WALDING

          BY:   /s/ Jere C. Segrest
              Jere C. Segrest (SEG005)
              ASB-1759-S-80J
              Attorney for Defendants
              Post Office Box 1469
              Dothan, Alabama 36302
              Phone:  (334)794-4144
              Fax:    (334)671-9330

```
BY:    /s/ Kevin Walding
       Kevin Walding (WAL036)
       ASB-8121-I-69J
       Attorney for Defendants
       Post Office Box 1469
       Dothan, Alabama 36302
       Phone:   (334) 794-4144
       Fax:     (334) 671-9330


BY:    /s/ Patrick B. Moody
       Patrick B. Moody (MOO110)
       ASB-0905-T-73M
       Attorney for Defendants
       Post Office Box 1469
       Dothan, Alabama 36302
       Phone:   (334) 794-4144
       Fax:     (334) 671-9330
```

CERTIFICATE OF SERVICE

I hereby certify that, this date, I have served a copy of this document on the following individual(s) or attorney(s) of record by placing a copy in the United States Mail in a properly addressed envelope with adequate postage.

Malcolm R. Newman, Esq.
Attorney at Law
Post Office Box 6137
Dothan, Alabama 36302

This the 15th day of November, 2006.

```
                              /s/ Jere C. Segrest
                              Of Counsel
```