```
        IN THE DISTRICT COURT OF THE UNITED STATES
           FOR THE MIDDLE DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

GREG DAVIS, AS NEXT FRIEND  \*
AND NATURAL GUARDIAN OF     \*
JOSHUA DAVIS                \*
                            \*
    PLAINTIFF,             \*
                            \*
vs.                         \*
                            \*   CASE NO.1:06-CV-953-MEF
HOUSTON COUNTY, ALABAMA     \*
BOARD OF EDUCATION          \*
                            \*
    DEFENDANT.             \*

## MOTION TO STRIKE

THE DEFENDANT, the Houston County Board of Education, moves the Court to strike portions of Exhibit 1 and Exhibit 2 submitted in support of the Plaintiff's Answer to Motion for Summary Judgment filed on December 12, 2007. In support the Board states:

    1.  Exhibit 1 consists of portions of Allen Freet's deposition, a list of the Plaintiff's Initial Disclosures, a letter from Allen Freet to Davis's attorney, Malcolm Newman, a letter from the Dothan Pediatric Clinic to Mr. Newman, and what appears to be a two page medical record from the Dothan Pediatric Clinic concerning Josh Davis.

    2.  The Clerk assigned document page numbers to the letter and record from Dothan Pediatric Clinic as Document

14-3 pages 14 through 16.

3. The letter and record in Document 14-3 pages 14 through 16 are not self-authenticating and Davis has not offered any evidence to authenticate these documents. Fed. R. Evid. 901 and 902.

4. The letter on page 14 simply states: This letter is to verify the enclosed document as an authentic medical record from our office. If I can be of further assistance, please call me at the above telephone number.

5. This two sentence letter does not show that pages 14 through 16 are kept in the regular course of business and are admissible as evidence under any exception to the hearsay rule. Fed. R. Evid. 803 (6).

6. Document 14-3 pages 12 and 13 are a letter from Allen Freet to Malcolm Newman stating Freet s opinion that Josh s actions during the football game were caused by a concussion.

7. Freet is not qualified to give a medical opinion. According to his deposition testimony, Freet is a licensed professional counselor with a Masters degree in psychology and counseling from Troy State University, Dothan. (Freet Depo. 8, Lines 7-11, 15 Lines 3-16).

8. Freet is not qualified to give a medical opinion related to the effects of an alleged concussion because he has no medical training. In deposition, Freet testified:

>    Q. [By Mr. Moody]
>       Now, Mr. Freet, did you ever attend medical school?
>
>    A. [By Mr. Freet]
>       I did not.
>
>    Q. And have you ever attended any kind of training to become a registered nurse or licensed nurse?
>
>    A. I have not.
>
>    Q. Have you ever taken any academic classes or courses related to nursing or becoming a medical doctor?
>
>    A. Other than first aid cases and those type of things, no.
>
>    Q. And would those first aid classes have been through the Red Cross and the military, or -- a.
>
>    A. Uh-huh. Red Cross.

(Freet Depo. 19, Lines 3-18).

9. Freet bases his opinion that Josh suffered from a concussion on the medical records produced by Dr. Tamburin of The Dothan Pediatric Clinic. (Freet Depo. 46, Line 22 through 47, Line 7). These records are the records contained in Document 14-3, pages 15 and 16.

10. Freet s deposition testimony shows that he is

not qualified by knowledge, skill, experience, training or education to form an opinion on whether Josh Davis had a concussion and/or whether the alleged concussion caused Josh to behave violently.  See Fed. R. Evid. 701, 702 and 704.

11.  Section 8 of this Court's Uniform Scheduling Order requires Davis disclose the identity of and provide any report produced by anyone who could be used as an expert at the trial of this matter no later than November 16, 2007.  This Order also required the parties to fully comply with the requirements of Fed. R. Civ. P. 26(a)(2).

12.  In relevant part, Fed. R. Civ. P. 26(a)(2)(B) states:  ... The report [produced by the expert] shall contain a complete statement of all opinions to be expressed and the basis and the reasons thereof; the data or other information considered by the witness informing the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition with the preceding  years.

13. The Plaintiff failed to designate anyone, including Freet, as an expert witness in this matter and the letter from Freet to Newman does not contain the information required by Fed. R. Civ. P.26(a)(2)(B) to qualify this document as a valid expert report.

14. Freet's ability to give opinion testimony in this matter is limited because he is not an expert witness. Fed. R. Evid. 701 concerns opinion testimony by lay witnesses and states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) **not based on scientific, technical, or other specialized knowledge within the scope of Rule 702**. (Emphasis supplied).

15. Freet, as a lay witness, is only competent to testify about matters within his personal knowledge. Fed. R. Evid. 602 states:

> A witness **may not** testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses. (Emphasis supplied).

16. In this matter, Freet may only testify concerning matters within his personal knowledge. Freet is not an expert witness, therefore, he cannot rely upon facts or data that are not within his personal knowledge of the events of the football game on September 16, 2005.

17. Furthermore, the Plaintiff has not presented any affidavit or other evidence to properly authenticate the letter from Freet to Malcolm Newman labeled as document 14-3 pages 12 and 13.

18. The Defendant would be prejudiced if the documents discussed above are considered because the documents are not authenticated. The Defendant will be prejudiced if Freet s opinion concerning medical issues is considered because he is not qualified to give an opinion on medical issues.

19. Plaintiff s Exhibit 2 labeled as Document 14-2, pages 2, 3 and 4 appear to be pages from The Houston County Schools Student Code of Conduct.

20. Plaintiff has not presented any affidavit or other evidence to properly authenticate Plaintiff s Exhibit 2 or to show that these documents should be admitted as exceptions to the exclusion of hearsay. Fed. R. Evid. 803, 901 and 902.

21. Inadmissible hearsay cannot be considered on a motion for summary judgment. *Bozeman v. Orum*, 199 F. Supp. 2d 1216 (M.D. Ala. 2002). Also, documents must be properly authenticated in order for them to be considered on summary judgment. *Id.* at 1222.

WHEREFORE, THE BOARD moves the Court to STRIKE Plaintiff s Exhibit 2, Document 14-2, pages 2, 3 and 4; Document 14-3, pages 12, 13, 14, 15 and 16; and any reference in deposition or otherwise to Freet s conclusions that Josh Davis was diagnosed and treated for a concussion and/or the possible effects of a concussion on Josh s behavior.

                                            HARDWICK, HAUSE, SEGREST & WALDING

                                            BY:   /s/ Jere C. Segrest
                                                   Jere C. Segrest (SEG005)
                                                   ASB-1759-S-80J

                                            BY:   /s/ Kevin Walding
                                                   Kevin Walding (WAL036)
                                                   ASB-8121-I-69J

                                            BY:   /s/ Patrick B. Moody
                                                   Patrick B. Moody (MOO110)
                                                   ASB 0902-T-73M
                                                   Post Office Box 1469
                                                   Dothan, Alabama 36302
                                                   Phone: (334)794-4144
                                                   Fax:   (334)671-9330
                                                   ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

    I hereby certify that, this date, I have served a copy of this document on the following individual(s) or attorney(s) of record by placing a copy in the United States Mail in a properly addressed envelope with adequate postage.

Malcolm R. Newman, Esq.
Attorney at Law
Post Office Box 6137
Dothan, Alabama 36302

    This the 19th day of December, 2007.

                            /s/ Kevin Walding
                            Of Counsel