## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

GREG DAVIS, AS NEXT         *
FRIEND AND NATURAL         *
GUARDIAN OF JOSHUA DAVIS    *
                            *
            PLAINTIFF       *
                            *
VS.                         * CIVIL ACTION No.: 1:06-cv-953
                            *
HOUSTON COUNTY, ALABAMA     *
BOARD OF EDUCATION          *
                            *
            DEFENDANT       *
                            *

## ANSWER TO MOTION
## TO STRIKE

Comes now the Plaintiff, Greg Davis, pursuant to the Court's

Order (Doc. #17) to Answer the Defendant's Motion to Strike, and

says as follows:

1. Federal Rules of Evidence 902 addresses when extrinsic

   evidence of authenticity as a condition precedent to

   admissibility is not required.  Subpart (5) allows for "Books,

   pamphlets, or other publications purporting to be issued by

   public authority." Fed. R. of Evid. 902(5).

2. Exhibit 2 to Plaintiff's Answer to Summary Judgment Motion

   was composed of those relevant pages from the Defendant's

purported High School Student Conduct Code (2005 Revised Edition).  This Code of Conduct was provided <u>by</u> the Defendant as a part of its Initial Disclosures, as well.

3. Chapter 8 of the Alabama Education Code (<u>Code of Alabama, 1975 Revised</u>) at §16-8-1 et. seq.  details the authority, duties and functions of all County Boards of Education; Defendant is a County Board of Education under the Alabama Education Code.

4. Under the Alabama Education Code as found at §16-1-24 et. seq., the Defendant was mandated to establish a Code of Conduct/Disciplinary Code which it purported to do so as evidenced by Exhibit 2.

5. In every meaningful way, Exhibit 2 meets the criteria for self-authentication as found in Rule 902(5).

6. Exhibit 2 in conjunction with the affidavit by Assistant Principal Cheryl Smith offered by the Defendant, raises a jury question. The Defendant cannot seriously advance the argument that its own publication is a forgery.

7. Defendant objects to document 14-3, pages 12/13 as being un-authenticated (Freet letter to Plaintiff's Counsel) but that document is Defense Exhibit 4 to the Freet Deposition taken by Defense Counsel.  The objection is to a document that Defense

Counsel has himself authenticated through the deponent, Allen Freet!

8. Defense Counsel qualified Freet as an expert at Freet's deposition... long before November 16, 2007.  Freet was identified by the Plaintiff in his Initial Disclosures which is precisely why Freet was deposed (and not other "lay" witnesses also identified by the Plaintiff).

9. Finally, all of those matters the Defendant objects to as inadmissible hearsay can readily be reduced to admissible form at trial and can thus be considered by this Court.  See Bozeman v. Orum, 199 F. Supp. 2d 1216(M.D. Ala. 2002, citing Macuba v. Deboer, 193 F. 3d 13 16 (11th Cir. 1999).


For these reasons, the Motion to Strike and for Summary Judgment are due to be denied.


Malcolm R. Newman, Attorney, PC

/s/ Malcolm R. Newman
Malcolm R. Newman (NEW017)
P.O. Box 6137
Dothan, Alabama 36302
(334)792-2132
ASB-2826-M39M

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jere C. Segrest
P.O. Box 1469
Dothan, Alabama 36302

Kevin Walding
P.O. Box 1469
Dothan, Alabama 36302

Patrick B. Moody
P.O. Box 1469
Dothan, Alabama 36302

/s/ Malcolm R. Newman
Malcolm R. Newman