IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GREG DAVIS, AS NEXT FRIEND AND NATURAL GUARDIAN OF JOSHUA DAVIS, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 1:06-cv-953-MEF ) |
| HOUSTON COUNTY, ALABAMA, BOARD OF EDUCATION, | ) ) ) ) |
| Defendant. | ) |

**<u>ORDER</u>**

This cause is before the Court on its own initiative pursuant to Fed. R. Civ. P. 16(f). Rule 16(f) gives the Court the authority to impose sanctions on any party or party's attorney who fails to obey a scheduling or pretrial order. On December 8, 2006, this Court entered a Uniform Scheduling Order that required the parties to conduct a face-to-face settlement conference. The Order further required counsel for the plaintiff, Malcolm R. Newman ("Newman"), to file not more than five days after the conference notice that the conference took place, whether settlement was reached, and whether mediation would assist them in resolving the case before trial.

On January 25, 2008—seven weeks after the settlement conference deadline—because no notice of settlement conference had been filed, this Court entered an order that (1) set a new deadline of February 1, 2008 for Newman to file notice concerning settlement conference, and (2) required Newman to show cause why he should not be sanctioned

pursuant to Rule 16(f) for failing to comply with the Uniform Scheduling Order. On February 1, 2008, Newman filed notice that the parties did not meet to discuss settlement by the Court's original December 7, 2007 deadline, nor have they to this date. Moreover, the notice indicated that the reason the parties have not met is that "the pending Ruling on Defendant's Motion for Summary Judgment has had a chilling effect on interest to so meet."

Newman also responded to the Court's show cause order that the notice concerning settlement conference was not filed due to "inattention to the date due to preoccupation with responding to the Defendant's Motion for Summary Judgment." The response also indicated that the parties have not discussed settlement, which would be "customary" because the Court has not ruled on Defendant's summary judgment motion.

This Court's order directing the parties to conduct a settlement conference on or before December 7, 2007 was not optional, and it was not contingent upon the Court having already ruled on pending summary judgment motions. Indeed, because this Court's deadline traditionally falls soon after the dispositive motion deadline, it is quite unusual for this Court to have already ruled on summary judgment motions before the parties have conducted the required settlement conference. Moreover, Newman should be well aware of this fact, as he was also counsel for the plaintiff in *Perdue v. Pilgrim Pride*, 04-cv-1137, where he filed notice concerning settlement prior to this Court's ruling on summary judgment.

For the reasons set forth above, it is hereby ORDERED as follows:

(1) As a sanction for his repeated failure to comply with this Court's orders in this

case, Malcolm R. Newman shall donate to the charity of his choice the sum of $250.00 on or before **February 25, 2008**. Immediately upon payment of this amount, Newman shall file with this Court a written certification signed pursuant to Federal Rule of Civil Procedure 11 indicating that he has complied with this requirement. A copy of the receipt for the donation shall be attached as an exhibit to this certification. It is further ORDERED that Newman shall pay this fine himself and shall not seek to recover it either as an expense from his client or as a portion of any attorney fee he might negotiate as part of the settlement of this action.

(2) The parties in this case are ORDERED to *actually* conduct the *mandatory face-to-face settlement conference* on or before **February 19, 2008.** Counsel for Plaintiff is further ORDERED to file a Notice Concerning Settlement Conference and Mediation on or before **February 25, 2008**. The Notice Concerning Settlement Conference and Mediation must specifically state: (a) that counsel for all parties have met *face-to-face and conducted a settlement conference*; (b) whether the case has been settled; and (c) whether counsel for all parties believe that mediation will assist them in resolving this case short of trial. The parties are advised that if they wish to schedule mediation through the Court's voluntary mediation program, they must call the office of Magistrate Judge Wallace Capel, Jr. to schedule the mediation. A request for mediation in the Notice Concerning Settlement Conference and Mediation will not result in mediation being scheduled by this Court.

(3) **Failure to comply with any aspect of this Order or any other Order by this Court may result in the imposition of further sanctions.**

DONE this the 5th day of February, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE